1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   ROBERT ROSE and PAUL SIMI, on        No. 2:23-cv-01979 WBS AC
     behalf of themselves and those
13   similarly situated,

14             Plaintiffs,              MEMORANDUM AND ORDER RE:
                                        PLAINTIFFS' MOTION TO REMAND
15        v.                            AND DEFENDANT'S MOTION TO
                                        DISMISS
16   CEMEX CONSTRUCTION MATERIALS
     PACIFIC, LLC, and DOES 1 through
17   50,

18             Defendants.

19

20                         ----oo0oo----

21             Plaintiffs Robert Rose and Paul Simi brought this

22   putative labor class action against Cemex Construction Materials

23   Pacific, LLC, a cement pouring company that employed plaintiffs

24   as cement truck drivers, in Sacramento Superior Court.  Defendant

25   removed to federal court.  Plaintiffs allege multiple violations

26   of California law, including (1) failure to pay wages for all

27   hours worked, Cal. Lab. Code § 216; (2) failure to pay wages at

28   agreed upon rates, id. §§ 221-223; (3) failure to pay overtime

                                   1

wages, id. § 510; (4) failure to pay meal period premiums, id. § 512; (5) failure to timely pay wages, id. § 204; (6) failure to provide accurate itemized wage statements, id. § 226; (7) failure to pay wages upon termination of employment, id. §§ 201-203; and (8) unfair competition, Cal. Bus. & Prof. Code § 17200. (Compl. (Docket No. 1-1 at 16-33).)

Defendant moves to dismiss the action in its entirety (Docket No. 6), arguing that the claims are preempted by the Labor Management Relations Act ("LMRA") and that plaintiffs failed to satisfy the requirement under the LMRA that plaintiffs exhaust the remedies provided for by the collective bargaining agreements ("CBAs"). Plaintiffs move to remand the action (Docket No. 12), arguing that the court lacks federal question jurisdiction because the LMRA does not preempt their claims.

I.   Judicial Notice

Defendant requests that the court take judicial notice of multiple documents. (Docket No. 60-2.) Though a court generally may not consider material outside the complaint on a motion to dismiss, the court may look beyond the pleadings at "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests that the court take judicial notice

of the applicable CBAs.  Plaintiffs do not dispute the accuracy of the CBAs provided by defendant and do not object to the court taking judicial notice of the CBAs.  (See Docket No. 11-1.)  "It is often necessary to consider the contents of a CBA to decide a motion to dismiss based on an argument of complete preemption, which is considered an 'independent corollary to the well-pleaded complaint rule.'"  Patrick v. Nat'l Football League, No. 23-cv-1069 DMG SHK, 2023 WL 6162672, at *3 (C.D. Cal. Sept. 21, 2023) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).  See also Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1192-93 (C.D. Cal. 2015) (quoting Parrino v. FFIP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)) (taking judicial notice of CBA "'because complete preemption often applies to complaints drawn to evade federal jurisdiction,'" and therefore "'the court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims'") (alterations adopted).  The court therefore takes judicial notice of Exhibit 1 and Exhibit 2 to defendant's Request for Judicial Notice, which are the CBAs covering July 1, 2018 through June 30, 2021, and July 1, 2021 through June 30, 2024, respectively.

        The court further takes judicial notice of Exhibit 4 to defendant's Request for Judicial Notice, which is an information page concerning the California minimum wage.  This document was retrieved from the State of California Department of Industrial Relations website and is therefore a matter of public record not subject to reasonable dispute.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018); Gerritsen

3

v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).[1]

II.  LMRA Preemption

The court will first address the underlying question of whether the claims are preempted by the LMRA, and then turn to the motions to remand and dismiss.

Section 301 of the LMRA provides federal question jurisdiction over "suits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  Here, there was a CBA between defendant and a union.  (See Ex. 1, 2.) "[T]he Supreme Court has interpreted [section 301] to compel the complete preemption of state law claims brought to enforce collective bargaining agreements."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968)).

Whether a claim is preempted by the LMRA is a two-step inquiry.  First, a court must determine whether the asserted claim involves a right which "exists solely as a result of the CBA" or "by virtue of state law."  Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016) (internal quotation marks omitted).  If the right exists solely because of the CBA, then the state law claim is preempted.  Id.  If the right exists independently of the CBA, then the court must move to the second step, "asking whether the right is nevertheless substantially dependent on analysis of a [CBA]."  Id. (internal

---

[1]    The court does not take judicial notice of Exhibit 3, which is not necessary to resolution of the motions.

quotation marks omitted).  If it is, then the state law claim is preempted.

   A.   First Claim

        The court first examines whether plaintiffs' first claim for failure to pay wages for all hours worked under Cal. Lab. Code § 216 involves a right which "exists solely as a result of the CBA" or "by virtue of state law."  See Kobold, 832 F.3d at 1032.  For the first step of the preemption inquiry, "a court must focus its inquiry on the legal character of a claim . . . and not whether a grievance [under the CBA] arising from precisely the same set of facts could be pursued."  Id. at 1033 (quoting Caterpillar, 482 U.S. at 394) (emphasis in original). "Only if the claim is 'founded directly on rights created by a collective-bargaining agreement' does § 301 preempt it."  Id. (quoting Livadas v. Bradshaw, 512 U.S. 107, 123 (1994)).  Claims are not preempted under the first step "if they just refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense."  Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 921 (9th Cir. 2018) (en banc) (internal citations omitted).

        Plaintiffs' claim under § 216 clearly does not arise directly from the CBAs, but rather from the California Labor Code.  And "'the mere existence of a CBA does not compel preemption of plaintiff's state law . . . claims.'"  See McGinty v. Holt of Cal., No. 2:22-cv-00865 WBS AC, 2022 WL 3226130, at *2 (E.D. Cal. Aug. 10, 2022) (quoting Miller v. Bimbo Bakeries USA, Inc., No. 11-cv-00378 WHA, 2011 WL 1362171, at *3 (N.D. Cal. Apr. 11, 2011)) (alterations adopted).  The court therefore turns to

1    the second step of the inquiry.

2            "[T]o determine whether a state [statutory claim] is

3    'substantially dependent' on the terms of a CBA" under the second

4    step of the test, a court must "decide whether the claim can be

5    resolved by looking to versus interpreting the CBA."  Burnside v.

6    Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007).  A state

7    statutory claim that requires "interpreting" a CBA is said to be

8    "substantially dependent" on the CBA, and thus preempted by LMRA

9    section 301.  Id.  A state statutory claim that merely requires

10   "looking to" a CBA, on the other hand, is said not to be

11   "substantially dependent" on the CBA, and thus is not preempted

12   by the LMRA.  Id.  "At this second step of the analysis, claims

13   are only preempted to the extent there is an active dispute over

14   the meaning of contract terms."  Curtis v. Irwin Indus., Inc.,

15   913 F.3d 1146, 1153 (9th Cir. 2019) (internal quotation marks

16   omitted).

17           Defendant does not detail what interpretation of --

18   rather than mere reference to -- the CBAs would be required to

19   resolve the first claim.  The motion provides excerpts of the

20   CBAs that lay out the relevant wage and hour terms but does not

21   explain which terms would potentially be contested.  There is no

22   indication that there are any "questions about the scope,

23   meaning, or application of" the terms establishing the hour

24   calculations and rates of pay.  See Livadas, 512 U.S. at 125.

25           As far as the court can see, resolving plaintiffs'

26   first claim would only require "looking to" the CBAs to aid in

27   calculating the hours and pay rates to be used in determining

28   whether defendant violated the Labor Code.  See Burnside, 491

F.3d at 1060.  The court therefore concludes that plaintiffs'

first claim is not preempted by the LMRA.  See Livadas, 512 U.S.

at 125 (claims under California Labor Code were not preempted by

LMRA where, "[b]eyond the simple need to refer to bargained-for

wage rates in computing the penalty, the collective-bargaining

agreement [was] irrelevant to the dispute"); Beck v. Saint-Gobain

Containers, No. 2:16-cv-03638 CAS SK, 2016 WL 4769716, at *5

(C.D. Cal. Sept. 12, 2016) (LMRA does not preempt a claim where

"the terms of the CBA will only be considered by way of reference

and will not be reasonably disputed by the parties").

     B.   <u>Second Claim</u>

       Plaintiffs' second claim alleges that defendant failed

to pay agreed-upon wages in violation of California Labor Code §§

221-23.

       Defendant argues that plaintiffs' second claim is

preempted at step one because, insofar as it is brought under

sections 222 and 223, it expressly relies upon the CBAs.  Section

222 makes it "unlawful, <u>in case of any wage agreement arrived at</u>

<u>through collective bargaining</u> . . . to withhold from said

employee any part of the wage agreed upon."  Id. § 222 (emphasis

added).  Section 223 provides that "[w]here any statute <u>or</u>

<u>contract</u> requires an employer to maintain the designated wage

scale, it shall be unlawful to secretly pay a lower wage while

purporting to pay the wage designated by statute or by contract."

Id. § 223 (emphasis added).

       The court is unconvinced.  In Schurke, the en banc

Ninth Circuit considered a preemption challenge to a "state law

right to reschedule vacation leave for family medical purposes"

1   where the plaintiff's "underlying right to vacation leave" was
2   established by a CBA.  898 F.3d at 913.  Like California Labor
3   Code §§ 222-23, the state statute at issue in Schurke expressly
4   relied upon the terms established by CBAs.  See id. at 914.  The
5   Ninth Circuit nonetheless concluded that the claim at issue arose
6   directly from state law at step one because the plaintiff alleged
7   a violation of a "state law right," not the CBA itself.  See id.
8   at 927.  See also Sarmiento v. Sealy, Inc., 367 F. Supp. 3d 1131,
9   1143-44 (N.D. Cal. 2019) (collecting cases and concluding that
10  claims arising under California Labor Code sections 222 and 223
11  are not preempted).  Here, plaintiffs similarly allege violation
12  of a state law right, namely the right to agreed-upon wages.  The
13  second claim therefore arises from state law rather than directly
14  from the CBAs.

15          The court thus turns to the second step.  As with the
16  first claim, defendants have not pointed to any potentially
17  contested term that might require that the court interpret,
18  rather than merely refer to, the CBAs at issue in determining
19  whether it violated the California Labor Code.  The second claim
20  is therefore not preempted by the LMRA.

21          C.   Third Claim

22          Plaintiffs' third claim alleges that defendant failed
23  to pay overtime wages in violation of California Labor Code §
24  510.  Section 510 provides that the "requirements of this section
25  do not apply to the payment of overtime compensation to an
26  employee working pursuant to . . . [a]n alternative workweek
27  schedule adopted pursuant to a collective bargaining agreement
28  pursuant to Section 514."  Cal. Lab. Code § 510(a)(2).  Section

514 states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Id. § 514. "By its terms, therefore . . . section 510 does not apply to an employee who is subject to a qualifying CBA." Curtis, 913 F.3d at 1153–54.

As explained by the Ninth Circuit in Curtis, if the applicable CBA "meet[s] the requirements of section 514, [the employee's] right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301." Id. at 1154 (internal quotation marks omitted). The CBAs here plainly meet these requirements, which plaintiffs do not appear to dispute. (See Ex. 1 at 2-17, Ex. 2 at 4-19 (providing wage and hour policies, descriptions of job duties and various working conditions, overtime premiums for all employees, and a starting minimum wage rate of $28.36 for concrete truck drivers); Ex. 4 at 2 (stating that California's minimum wage for employers with 26 employees or more was $11 in 2018 and increased to $15.50 by 2023).) Plaintiffs' third claim is therefore completely preempted by the LMRA. See Curtis, 913 F.3d at 1154.

Plaintiffs try to distinguish the instant case from Curtis on the basis that the claim does not require interpretation of the underlying CBAs; however, this argument confuses the analysis. Whether the claim requires interpretation

9

1  of a CBA is part of the second step of the analysis, not the

2  first.  As the court has concluded, the third claim is preempted

3  at step one.

4      C.    Fourth Claim

5          Plaintiffs' fourth claim alleges that defendant failed

6  to pay meal period premiums in violation of California Labor Code

7  § 512.  Section 512's protections do not extend to certain

8  employees, including those in construction occupations, who are

9  covered by a valid collective bargaining agreement that

10 "expressly provides for the wages, hours of work, and working

11 conditions of employees, and expressly provides for meal periods

12 for those employees, final and binding arbitration of disputes

13 concerning application of its meal period provisions, premium

14 wage rates for all overtime hours worked, and a regular hourly

15 rate of pay of not less than 30 percent more than the state

16 minimum wage rate."  See Cal. Lab. Code § 512(e)-(f).  Plaintiffs

17 are engaged in a construction occupation and the CBAs here

18 plainly meet section 512(e)'s requirements, which plaintiffs do

19 not appear to dispute.  (See Ex. 1 at 2-23, Ex. 2 at 4-24

20 (providing wage and hour policies, descriptions of job duties and

21 various working conditions, meal periods for all employees, final

22 and binding arbitration of meal period grievances, overtime

23 premiums for all employees, and a starting minimum wage rate of

24 $28.36 for concrete truck drivers); Ex. 4 at 2 (stating that

25 California's minimum wage for employers with 26 employees or more

26 was $11 in 2018 and increased to $15.50 by 2023).)

27          As discussed above, the Ninth Circuit in Curtis held

28 that because section 514 excludes employees who are subject to a

qualifying CBA from the protections of section 510, claims under section 510 are completely preempted when there is a qualifying CBA.  See 913 F.3d 1154.  Curtis did not address whether claims subject to section 512's CBA exception are completely preempted.  However, "both sections 512 and 514 have nearly identical exemptions that make the rights they confer negotiable." Radcliff v. San Diego Gas & Elec. Co., 519 F. Supp. 3d 743, 751–52 (S.D. Cal. 2021).  The court therefore "sees no reason why Curtis should not be extended to preempt meal period claims made by an employee who falls within the exemption set forth in section 512(e)."  See id.

In line with this conclusion, the Ninth Circuit has extended Curtis's logic to section 512's CBA exemption in an unpublished memorandum decision.  See Marquez v. Toll Glob. Forwarding, 804 F. App'x 679, 680 (9th Cir. 2020).  Multiple district courts have similarly applied Curtis to section 512. See, e.g., Radcliff, 519 F. Supp. 3d at 751-52; Schwanke v. Minim Prods., Inc., No. 2:21-cv-00111 SVW JPR, 2021 WL 4924772, at *2 (C.D. Cal. May 24, 2021); Rodriguez v. USF Reddaway Inc., No. 2:22-cv-00210 TLN DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); Jimenez v. Young's Mkt. Co., LLC, No. 21-cv-02410 EMC, 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021); Blackwell v. Com. Refrigeration Specialists, Inc., No. 2:20-cv-01968 KJM CKD, 2021 WL 2634501, at *5 (E.D. Cal. June 25, 2021).  The court agrees with this line of cases and therefore concludes that plaintiffs' fourth claim under section 512 is completely preempted by the LMRA.

Plaintiffs argue that the exemption does not apply here

because the CBAs provide that defendant "will comply with all applicable law and regulations governing meal periods" (see Ex. 1 at 7, Ex. 2 at 9), indicating a contractual intent for section 512's protections to apply.  The court is unpersuaded.  The unambiguous text of section 512 mandates that all employees be excluded from the section's protections when an applicable CBA has the required terms, without regard to the intent of the parties.  See Cal. Lab. Code § 512(e).

Even if the court accepted plaintiffs' argument, the claim would be preempted at step two of the analysis.  By arguing that language from the CBA indicates that the parties intended to circumvent section 512's CBA exemption, plaintiffs have put the meaning of a contract term at issue.  As a result, the court would be required to interpret, rather than merely refer to, the terms of the CBA in deciding the claim.  See Burnside, 491 F.3d at 1060-61.  The claim would therefore be preempted.  See id.; Curtis, 913 F.3d at 1153.

D.   Fifth Claim

Plaintiffs' fifth claim alleges that defendant failed to timely pay wages in violation of California Labor Code § 204. Section 204 provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements [than those provided for in section 204], those arrangements shall apply to the covered employees."  Cal. Lab. Code § 204(c).  The CBAs here plainly meet these requirements. (Compare Ex. 1 at 9, Ex. 2 at 10 ("All employees will be paid their wages at regular weekly paydays.") with Cal. Lab. Code § 204(a) ("All wages . . . are due and payable twice during each

calendar month . . . .").)

As discussed above, the Ninth Circuit in <u>Curtis</u> held that claims subject to a statutory exception are completely preempted.  <u>See</u> 913 F.3d 1154.  Several district courts have extended <u>Curtis</u>'s reasoning to section 204.  <u>See, e.g.</u>, <u>Renteria-Hinjosa v. Sunsweet Growers, Inc.</u>, No. 2:23-cv-01413 DJC DB, 2023 WL 6519308, at *4 (E.D. Cal. Oct. 5, 2023); <u>Ariola v. Raytheon CA Techs. Corp.</u>, No. 23-cv-4664 MWF AGR, 2023 WL 5764296, at *7 (C.D. Cal. Sept. 6, 2023); <u>Johnson v. San Francisco Health Care & Rehab Inc.</u>, No. 22-cv-01982 JSC, 2022 WL 2789809, at *9 (N.D. Cal. July 15, 2022); <u>Tolentino v. Gillig, LLC</u>, No. 20-cv-7427 MMC, 2021 WL 121193, at *3 (N.D. Cal. 2021).  The CBA exception under section 204 operates similarly to the exception discussed in <u>Curtis</u>, and as such the court "sees no principled reason why the holding of <u>Curtis</u> would not extend to section 204 claims." <u>See Ariola</u>, 2023 WL 5764296, at *8.  The court therefore concludes that plaintiffs' fifth claim under section 204 is completely preempted by the LMRA.

E.   <u>Sixth, Seventh, and Eighth Claims</u>

Plaintiffs' sixth claim alleges failure to provide accurate itemized wage statements, Cal. Lab. Code § 226; the seventh claim alleges failure to pay wages owed upon termination of employment, <u>id.</u> §§ 201-203; and the eighth claim alleges unfair competition, Cal. Bus. & Prof. Code § 17200.  Defendant argues only that because plaintiffs' first through fifth claims are preempted, the remaining claims -- which, as pled, are derivative of the first through fifth claims -- must also fail. However, as discussed above, the first and second claims are not

13

1   preempted.  The court therefore concludes that the sixth,

2   seventh, and eighth claims are not preempted by the LMRA.

3   III. Motion to Remand

4       "Under 28 U.S.C. § 1441, a defendant may remove an

5   action filed in state court to federal court if the federal court

6   would have original subject matter jurisdiction over the action."

7   Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th

8   Cir. 2009).  If "it appears that the district court lacks subject

9   matter jurisdiction, the case shall be remanded."  28 U.S.C. §

10  1447(c).

11      Federal courts have original jurisdiction over actions

12  arising under federal law.  28 U.S.C. § 1331.  Pursuant to the

13  doctrine of complete preemption, a state law claim preempted by

14  section 301 of the LMRA "is considered, from its inception, a

15  federal claim, and therefore arises under federal law."  Balcorta

16  v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th

17  Cir. 2000).  Such claims may be removed to and heard in federal

18  court.  Jackson v. S. California Gas Co., 881 F.2d 638, 646 (9th

19  Cir. 1989).

20      As explained above, several of plaintiffs' state law

21  claims are completely preempted by section 301 of the LMRA.

22  Accordingly, the court has federal question jurisdiction and will

23  deny plaintiffs' motion to remand.

24  IV.  Motion to Dismiss

25      "Prior to bringing suit, an employee seeking to

26  vindicate personal rights under a collective bargaining agreement

27  must first attempt to exhaust any mandatory or exclusive

28  grievance procedures provided in the agreement."  Soremekun v.

14

1 | <u>Thrifty Payless, Inc.</u>, 509 F.3d 978, 985–86 (9th Cir. 2007).
2 | Therefore, a claim preempted by section 301 of the LMRA should be
3 | dismissed if brought by an employee who failed to exhaust the
4 | applicable CBA's mandatory grievance procedure.  <u>See</u> <u>Kobold</u>, 832
5 | F.3d at 1036.

6 | At oral argument, plaintiff conceded that all claims
7 | arising under the CBAs must be grieved pursuant to the procedures
8 | outlined therein.  Defendant argues that because plaintiffs do
9 | not plead that they utilized the mandatory grievance procedures
10 | outlined in the CBAs, the preempted claims must be dismissed.  As
11 | explained above, the court concludes that the third, fourth, and
12 | fifth claims are completely preempted by the LMRA.  Because
13 | plaintiffs do not plead that they exhausted the remedies provided
14 | for in the CBAs, those claims must be dismissed.

15 | Also as explained above, the court concludes that the
16 | first, second, sixth, seventh, and eighth claims are not
17 | preempted by the LMRA.  Accordingly, the motion to dismiss those
18 | claims will be denied.

19 | IT IS THEREFORE ORDERED that plaintiffs' motion to
20 | remand (Docket No. 12) be, and the same hereby is, DENIED.

21 | IT IS FURTHER ORDERED that defendant's motion to
22 | dismiss (Docket No. 6) be, and the same hereby is, GRANTED as to
23 | the third claim for overtime wages, fourth claim for failure to
24 | pay meal period premiums, and fifth claim for failure to timely
25 | pay wages, which are hereby DISMISSED.  The motion to dismiss is
26 | DENIED in all other respects.

27 | Plaintiffs have twenty days from the date of this Order
28 | to file an amended complaint, if they can do so consistent with

1   this Order.

2   Dated:   January 25, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE